IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH, | Cause No. CV 23-24-H-BMM-JTJ |
| Petitioner, | |
| vs. | ORDER |
| BRIAN GOOTKIN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This matter is before the Court on a petition seeking habeas corpus relief filed by pro se prisoner Jory Strizich ("Strizich") pursuant to 28 U.S.C. § 2254. (Doc. 1.) Following the filing of his petition, Strizich filed a Motion for Stay and Abeyance. (Doc. 3.)

The Court previously granted Strizich's request for a stay pursuant the rule set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). (Doc. 4.) The Court directed Strizich to file periodic status updates with the Court as his state postconviction proceedings, and appeal therefrom, progressed. (*Id*. at 4.) Specifically, the Court ordered Strizich to "provide a notice of status upon entry of any order resolving the state PCR petition, whether by grant, denial, or dismissal, and whether by the state

district court, the Montana Supreme Court, or the Supreme Court of the United States." (*Id.*) The matter was subsequently transferred to the undersigned. (Doc. 6.)

The last status report Strizich filed was in December of 2023. (Doc. 8.) In the interim, the Montana Supreme Court affirmed the state district court's denial of his petition for postconviction relief. *See Strizich v. State*, Cause No. DA-23-0563, Ord. (Mont. Oct. 15, 2024). It does not appear that Strizich filed a petition for writ of certiorari with the United States Supreme Court.[1] Thus, Strizich has failed to comply with the prior order of the Court.

U.S. Magistrate Judge Johnston entered an order lifting the stay on March 12, 2025 and directing Strizich to advise the Court in writing if he intended to proceed in this matter. (Doc. 9.) Strizich was informed that failure to respond would result in dismissal of the action. (*Id.* at 3.)

**Failure to Prosecute/Comply with Court's Order**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019) (citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See*

---

[1] *See* Supreme Court Docket: https://www.supremecourt.gov/docket/ (accessed May 2, 2025.)

*Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with a court order to amend a complaint). The Court may dismiss a case on its own without awaiting a motion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Strizich has failed to comply with the Court's order requiring status updates and the more recent show cause order. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Strizich refuses to comply with the Court's orders. Strizich's case has consumed judicial resources and time that could have been better spent on other matters. This factor also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although it does not weigh strongly against Strizich in the present case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Strizich was provided an adequate amount of time to comply with the Court's order and/or to show cause as to why this matter should not be dismissed, but he failed to respond entirely. Strizich was further

4

advised that his failure to obey the court's order would result in dismissal.  *See e.g.,* (Doc. 9 at 3.)  Such a warning satisfies the considerations of the alternative requirement.  *See Ferdik*, 963 F. 2d at 1262.  Strizich had adequate warning that dismissal would result from his noncompliance.  The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits.  *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998).  In light of the other four factors favoring dismissal, however, the weight of this factor is slight.  No further resources of the Court will be expended.  This matter will be dismissed based upon Strizich's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Strizich has not made a substantial showing that he was deprived of a federal constitutional right. Further, because Strizich has failed to prosecute his petition, reasonable jurists would find no basis to disagree with this Court's ruling. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Accordingly, the Court enters the following:

## ORDER

1. This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. A certificate of appealability is denied.

3. The Clerk of Court is directed to close this matter and enter judgment in favor of Respondents pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 5th day of May, 2025.

_____
Brian Morris, Chief District Judge
United States District Court